IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| SAMUDRAGUPTA SANYAL | § |
| *Plaintiff*, | § |
| | § |
| V. | § |
| | § CIVIL ACTION NO. 3:24-cv-00325 |
| OFFICER JEREMY CREECH, | § |
| IN HIS INDIVIDUAL CAPACITY, | § |
| GALVESTON COUNTY SHERIFF'S | § |
| OFFICE, AND GALVESTON | § |
| COUNTY | § |
| *Defendants*. | § |

**COUNTY DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
COUNTY DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE JEFFREY V. BROWN:

Defendant Galveston County and Defendant Galveston County Sheriff's Office ("GCSO") (collectively referred to as "County Defendants") file this Reply to Plaintiff's Response to County Defendants' 12(b)(6) Motion to Dismiss [ECF No. 19] (the "Response), and in support thereof, respectfully shows as follows:

I. **REPLY TO PLAINTIFF'S RESPONSE**

A. **Plaintiff Seemingly Concedes That Dismissal of GCSO Is Warranted and Did Not Address the Challenge to Plaintiff's Punitive Damage Claim.**

County Defendants appropriately sought dismissal of GCSO because it is not a separate natural person, political or corporate entity. *Darby v. Pasadena Police Dep't.*, 939 F.2d 311, 313 (5th Cir. 1991). Plaintiff's only response is that,

> Plaintiff in the current occurrence has identified the policymaker, the causal connection between the policymaker and how the Sheriff's department

> comprises of the county, **one and the same**, and that such department delegates training requirements and regiments, **as a part of the county**, unto the constables and officers serving the county.

ECF No. 19 at p. 11 (emphasis added). Plaintiff agrees that Galveston County and the GCSO are "one and the same," the GCSO is "a part of the county," and concedes Galveston County Sheriff's Office cannot be sued in this case. Dismissal of Galveston County Sheriff's Office is warranted.

Additionally, Plaintiff does not address the challenge to his demand for punitive damages. To the extent any claim survives dismissal here, punitive damages cannot be awarded.

### B. <u>Plaintiff Lacks Sufficient Factual Allegations Against County Defendants.</u>

In his Response, Plaintiff maintains he has sufficient facts to establish his claims against County Defendants. However, Plaintiff does not address his failure to plead sufficient facts to support even an arguable waiver of the County's governmental immunity, which is necessary to maintain his state law claims. Regarding his remaining federal claims, the only reference the Response makes to the Complaint is incorporating allegations in paragraphs 14-26. *See Response*, at pp. 1-2. Yet, there are simply no factual allegations there that provide any detail as to the conduct of County Defendants; Plaintiff does not deal with the pleading failures or problematic allegations in his Complaint. Instead, Plaintiff ignores the pleading failures and has not overcome dismissal.

A district court must determine whether the *facts in the complaint* meet the pleading standards and are sufficient to show that the plaintiff has a viable claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). The facts alleged in the Complaint

are insufficient to survive dismissal. Plaintiff has done nothing to warrant denial of County Defendants' motion.

> **i. Plaintiff has failed to provide facts to overcome governmental immunity on any State Law Claim.**

Plaintiff does not address County Defendants' challenge to its state law claims and failure to allege sufficient facts regarding governmental immunity. Throughout his Complaint, Plaintiff repeatedly pleads that Officer Creech's complained-of conduct was "intentional." *See* [ECF No. 1] at ¶¶ 20 (disconnected camera "possibly due to intentional action"), 21 ("Officer Creech intentionally and knowingly lied"), 32 ("Defendant then intentionally and unlawfully chose to tase Plaintiff"), 64 ("the Officer knowingly, intentionally, and willfully filed a false police report").[1] Texas counties are immune from claims of intentional torts by its agents; therefore, any state law claims based on intentional conduct are barred. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE § 101.057 (2021); *Escobar v. Harris County,* 442 S.W.3d 621, 627 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

> **ii. Existence of a policy or custom is insufficiently alleged and Plaintiff affirmatively controverted any allegation that a County Defendant policy was a "moving force".**

Plaintiff has alleged no specific policy, practice or custom that led to Plaintiff's injuries. Instead, Plaintiff relies on formulaic and conclusory statements. *See* [ECF No. 1] at ¶ 85 ("Creech has been involved in litigation in the past . . ." and "County [Defendants] have been aware of abuse of discretion . . . ."). Plaintiff also alleged Officer Creech's acts

---

[1] Indeed, a § 1983 complaint must allege that the constitutional or statutory deprivation was intentional or due to deliberate indifference and not the result of mere negligence. *Farmer v. Brennan*, 511 U.S. 825, 826 (1994).

were in "noncompliance" with County policy [ECF No. 1] at ¶ 96. In so alleging, Plaintiff has negated any proof of the necessary element that a County policy was the "moving force" of his injuries. Accepting Plaintiff's allegations as true then, Plaintiff's injuries were not the result of County Defendant's policies at all.

Plaintiff complains that he need not plead multiple instances of misconduct and that there is no heightened standard of pleading. *Response*, at pp. 6-8. Plaintiff cites cases that pre-date *Iqbal*. *See Id*. Moreover, even though there is no "rigid rule regarding numerosity to prove a widespread pattern of unconstitutional conduct," dismissal is appropriate absent pleadings of multiple instances of common violations by a county to establish existence of a custom or practice having the force of law necessary for municipal liability. *See Jackson v. Valdez*, 852 F. App'x 129, 135 (5th Cir. 2021).

Plaintiff has simply failed to plead a single fact to support an allegation that County Defendants failed to train its officers, other than the occurrence of events related to Plaintiff alone. Dismissal is warranted as Plaintiff's allegations do not overcome governmental immunity, nor has Plaintiff sufficiently pled *Monell* liability.

### iii. *No Liability Without Underlying Constitutional Violation.*

Finally, Defendant Creech has a motion to dismiss pending. As there can be no municipal liability absent an underlying constitutional violation, dismissal of claims against Defendant Creech also warrants dismissal of all claims against County Defendants.

## II. PRAYER

County Defendants respectfully request the Court dismiss Galveston County Sheriff's Office from this case, dismiss Plaintiff's Section 1983 claims and Plaintiff's state

489459.2

law claim against County Defendants with prejudice, and for such other and further relief in law and in equity to which they may be justly entitled.

          Respectfully submitted,

          **GREER, HERZ & ADAMS, L.L.P.**

By: */s/ Joseph R. Russo, Jr.*
    **Joseph R. Russo, Jr.**
    Federal I.D. No. 22559
    State Bar No. 24002879
    jrusso@greerherz.com
    **Jordan Raschke Elton**
    Fed. ID No.3712672
    State Bar No. 24108764
    jraschkeelton@greerherz.com
    One Moody Plaza, 18th Floor
    Galveston, Texas 77550
    (409) 797-3200 (Telephone)
    (866) 456-0170 (Fax)

    **ATTORNEYS FOR COUNTY DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify on the 17th day of February 2025, a true and correct copy of the foregoing was served via the Court's ECF system upon all counsel of record.

          */s/ Joseph R. Russo, Jr.*
          Joseph R. Russo, Jr.